UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION NOT
IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE RMAC
TRUST, SERIES 2016,

                    Plaintiff,                              **REPORT AND**
                                                                          **RECOMMENDATION**
                                                                           19-CV-2229 (DRH) (ARL)

        -against-


MARLENE SAGER AKA MARLENE CALDWELL,

                    Defendant.
----------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff U.S. Bank National Association, not in its individual capacity but solely Trustee for the RMAC Trust, Series 2016-CTT ("Plaintiff") brings this foreclosure action against Marlene Sager aka Marlene Caldwell ("Defendant"). Before the Court, on referral from District Judge Hurley, is Plaintiff's motion to file under seal the Trust Agreement for the RMAC Trust, Series 2016-CTT. For the reasons that follow, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

      Plaintiff filed this foreclosure action on April 16, 2019. ECF No. 1. Defendant has not interposed an Answer or otherwise responded to the Complaint. Plaintiff moved for entry of default on May 20, 2019 and the Clerk of the Court certified Defendant's default based upon her failure to answer or otherwise appear in this action. ECF Nos. 8, 9. On December 6, 2019, Plaintiff filed a letter requesting a pre-motion conference to seek permission to move for a default judgment. ECF No. 10. By Order dated December 9, 2019, Judge Hurley granted

Plaintiff permission to file its motion for a default judgment.  Prior to filing the motion for default judgment, Plaintiff filed the instant motion to seal.  ECF No. 15.  Defendant does not oppose the motion.  By Order dated February 3, 2020, this motion was referred to the undersigned by Judge Hurley.

## DISCUSSION

Plaintiff seeks permission to file the Trust Agreement for the RMAC Trust, Series 2016-CTT under seal.  Plaintiff wants to file the Trust Agreement as part of its motion for default judgment to establish that U.S. Bank N.A. -- rather than the RMAC Trust, Series 2016-CTT -- is the real party to the controversy whose control over the assets held in its name is real and substantial.  Pl. Motion ¶ 3.

"A presumption of openness pervades federal dockets, *see generally Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 94-96 (2d Cir. 2004), and therefore motions to seal are strongly disfavored."  *Alston v. Sharpe*, No. 3:13CV00001(CSH), 2015 U.S. Dist. LEXIS 143587, 015 WL 6395937, at *3 (D. Conn. Oct. 22, 2015).  The Second Circuit has directed courts to engage in a three-step analysis in determining whether documents relating to a lawsuit must be made available to the public.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal citation omitted).  The court must decide whether the documents are "judicial documents," to which the public has a presumptive right of access.  *Id*. at 119.  Next, if the documents are indeed judicial documents, the court "must determine the weight of th[e] presumption."  *Id*.  Finally, "[o]nce the weight of the presumption is determined, a court must balance competing considerations against it."  *Id*. at 1050.

Applications to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the

documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (the court must make specific, rigorous findings before sealing a document). "Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties." *Delta Air Lines, Inc. v. Bombardier, Inc.,* No. 1:20-cv-3025-GHW, 2020 U.S. Dist. LEXIS 90800 at *3 (S.D.N.Y. May 22, 2020) (citing *EEOC v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 U.S. Dist. LEXIS 28724, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases)).

In the matter before the Court, Plaintiff contends that it must submit the Trust Agreement to establish it is the real party in interest. However, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). In the complaint Plaintiff alleges that "U.S. Bank National Association, not in its individual capacity but solely as Trustee is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT and prosecute legal actions on behalf of the RMAC Trust, Series 2016-CTT, including this residential mortgage foreclosure action. U.S. Bank National Association, not in its individual capacity but solely as Trustee has legal title to and manages the assets of the RMAC Trust, Series 2016-CTT, and controls the litigation on behalf of the RMAC Trust, Series 2016-CTT. ECF No. 1 ¶ 3. While "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action," *Au*

3

*Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), this Court sees no reason to require additional proof of the veracity of this allegation. Accordingly, Plaintiff need not file the Trust Agreement as part of its motion for a default judgment.

Thus, this Court respectfully recommends that Plaintiff's motion to seal be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       June 17, 2020

                                                                                                     /s/
                                                          ARLENE R. LINDSAY
                                                          United States Magistrate Judge