UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION NOT
IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE RMAC
TRUST, SERIES 2016,

                              Plaintiff,                                      **REPORT AND**
                                                                            **RECOMMENDATION**
                                                                                 19-CV-2229 (GRB) (ARL)

             -against-

MARLENE SAGER AKA MARLENE CALDWELL,

                              Defendant.
----------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Plaintiff U.S. Bank National Association, not in its individual capacity but solely Trustee for the RMAC Trust, Series 2016-CTT ("Plaintiff") brings this foreclosure action against Marlene Sager aka Marlene Caldwell ("Defendant"). Before the Court, on referral from District Judge Hurley, is Plaintiff's motion for default judgement[1] as well as Plaintiff's motion to substitute, referred to the undersigned by District Judge Brown, which is unopposed. For the reasons that follow, the undersigned respectfully recommends that the motion for default judgment be denied, the default be vacated and the motion to substitute be denied.

BACKGROUND

Plaintiff filed this foreclosure action on April 16, 2019. ECF No. 1. Defendant has not interposed an Answer or otherwise responded to the Complaint. Plaintiff moved for entry of default on May 20, 2019 and the Clerk of the Court certified Defendant's default based upon

---

[1] This matter was reassigned to District Judge Brown on July 8, 2022.

her failure to answer or otherwise appear in this action. ECF Nos. 8, 9. On December 6, 2019, Plaintiff filed a letter requesting a pre-motion conference to seek permission to move for a default judgment. ECF No. 10. By Order dated December 9, 2019, Judge Hurley granted Plaintiff permission to file its motion for a default judgment. Plaintiff filed a motion for default judgment on November 11, 2021. Plaintiff's motion for entry of default judgment was referred to the undersigned on November 12, 2021.

In response to the motion for default judgment, Defendant filed a cross motion to vacate default, grant leave to interpose an answer and to dismiss on December 7, 2021. ECF No 26. Defendant argues that the default judgment should be vacated because she was never served with the Complaint in this action and that once she became aware of the action, she immediately took steps to correct the default. Def. Mem. at 4. To the extent Defendant's response to the motion for default judgment purports to be a motion to dismiss the complaint, such motion was not properly filed, and was not referred to this Court for a report and recommendation. Plaintiff's reply on the motion for default judgment is devoted entirely to the merits of Defendant's motion to dismiss the complaint and does not address the motion to vacate the default. ECF No. 30.

On March 4, 2022, counsel for Defendant filed a letter notifying the Court of the death of Defendant Marlene Sager. ECF No. 32. Judge Hurley stayed the case for 90 days to allow time for a motion for substitution as required by Federal Rule of Civil Procedure ("Rule") 25. On June 1, 2022, Plaintiff filed a motion to substitute Brian R. Sager Jr., Alessandra Sager, and Christopher Sager in the place of the decedent pursuant to Federal Rule of Civil Procedure ("Rule") 25(a)(1). ECF No. 33. Judge Brown referred that motion to the undersigned on July 13, 2022.

## DISCUSSION

### I. Motion to Vacate Default Judgment

Rule 55(a) provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The factors used by courts to decide whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In this case, while the Clerk has entered a default, there is no default judgment. Under these circumstances, the Court decides the motion to vacate under the more lenient standard of Rule 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens, LLC*, No. 11-CV-5749, 2013 U.S. Dist. LEXIS 179261, 2013 WL 6835192, at *2 (E.D.N.Y. Dec. 19, 2013) (citing *Meehan*, 652 F.2d at 276, for more lenient standard).

When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC*, No. 12 Civ. 0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2014). However, because an entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *see Meehan v. Snow*, 652 F.2d at 276, any doubt "as to

3

whether a default should be granted or vacated" must be "resolved in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96.

Defendant argues that her default was not willful since Defendant was not served with the Complaint and that once she became aware of the action, she immediately took steps to correct the default. Sager Aff. ¶ 8.  She also contends that she has a meritorious defense and simultaneous with her motion to vacate the default judgment Defendant has moved to dismiss the complaint on the basis of a lack of personal and subject matter jurisdiction.  While this Court will not consider the merits of Defendant's motion to dismiss, it demonstrates Defendant's position that she has a claimed defense to the action.  Finally, Defendant makes the, albeit unsupported, assertion that Plaintiff will not be prejudiced by the vacating of the default, while failing to set aside the default would produce a harsh or unfair result to Defendant.  Def. Mem. at 4.  According to Defendant "[d]uring the last two years since I hired an attorney to defend this action, I have tried many avenues to try to save my house. I have explored a loan modification, a refinance and a hard-money bailout loan all to no avail. Now, I realize that I have no choice but to sell. Just recently, I hired a handyman to complete certain repairs that I feel are necessary to list the house for sale. I believe the subject Property has significant equity and would much prefer having the time to sell at market price rather than having the Subject Property sell below market at auction." Sager Dec. ¶8.  Plaintiff has not responded to this claim.  The Court notes that Plaintiff waited more than two years to file the motion for default judgment[2] and finds that any prejudice to the Plaintiff caused by the delay in resolving this action on the merits is slight and outweighed by prejudice to the Defendant.  In light of the foregoing, the Court finds that Defendant has demonstrated good cause to vacate the default under the lenient standard set forth

---

[2] The Court is aware that part of the delay may have been caused by the coronavirus pandemic, however, the Clerk entered the default in May 2019, well before the pandemic began.  ECF No. 9.

4

above.

Accordingly, it is respectfully recommended that Plaintiff's motion for default judgment be denied and Defendant's cross motion to vacate the entry of default be granted.

**II.     Motion to Substitute**

Subsequent to the filing of the motion to vacate the default, Defendant Marlene Sager died and on March 4, 2022 counsel for Defendant filled a suggestion of death. ECF No. 32. On June 1, 2022, Plaintiff filed a motion to substitute, seeking to substitute Brian R. Sager Jr., Alessandra Sager, and Christopher Sager in the place of the decedent pursuant to Federal Rule of Civil Procedure ("Rule") 25(a)(1). ECF No. 33.

"If a party dies, and the claim is not extinguished," then under Rule 25(a)(1) of the Rules, "any party or . . . the decedent's successor or representative[]" may make a motion for substitution. Fed. R. Civ. P. 25(a)(1). Thus, the threshold question is whether Plaintiff's claim against Defendant survives her death. The Second Circuit held that a claim survives the injured party's death "if applicable state law creates a right of survival." *Barrett v. United States*, 689 F. 2d 324, 331 (2d Cir. 1982). Plaintiff here asserts a claim for a residential judgment of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, and the appointment of a Referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL §1321 and Fed. R. Civ. P. §53. According to New York law, a mortgage foreclosure claim survives the death of a fee owner. *DLJ Mortgage Capital, Inc. v. 44 Brushy Neck, Ltd.*, 51 A.D. 3d 857, 858 (N.Y. App. Div. 2d Dept. 2008).

Next the Court turns to whether Brian R. Sager Jr., Alessandra Sager, and Christopher Sager are proper parties. "Pursuant to Rule 25(a)(1) a proper party for substitution is either (1) a

5

successor of the deceased party - 'a distributee of an estate . . . if the estate of the deceased has been distributed at the time the motion for substitution has been made[,]' . . . or (2) a representative of the deceased party - 'a person lawfully designated by state authority to represent the deceased's estate. . .'" *Billups v. West*, 95 Civ. 1146 (KMW) (HBP), 1998 U.S. Dist. LEXIS 9583, at * 2, 1998 WL 341939 (S.D.N.Y. June 26, 1998) (citations omitted).  Whether a person is "the proper party" is "a question of state law." *Coleman v. Sys. Dialing LLC*, No. 15CV3868 (DLC), 2016 U.S. Dist. LEXIS 37096, 2016 WL 1169518, at *2 (S.D.N.Y. Mar. 22, 2016).

Under New York law, the estate is a necessary party to a foreclosure action when the mortgagor has died. *Bayview Loan Servicing, LLC v. Sulyman,* 130 A.D.3d 1197, 14 N.Y.S.3d 188, 190 (3d Dep't 2015) ("We find that decedent's estate is therefore a necessary party to this action, as the rights, interests and equities of all of the parties claiming an interest in the mortgaged premises should be settled and determined before any judgment of foreclosure and sale is entered[.]") (quotations and alterations omitted).  Pursuant to RPAPL 1311 (1), "necessary defendants" in a mortgage foreclosure action include, among  others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein."

However, "[i]n certain circumstances, the estate of the mortgagor is not a necessary party to a mortgage foreclosure action." *U.S. Bank Tr., N.A. v. Gedeon*, 181 A.D.3d 745, 747, 121 N.Y.S.3d 276, 278 (2d Dep't 2020).  For example, "'where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees,' in whom title to the real property

6

automatically vests." *NRZ Pass-Through Tr. IV v. Tarantola*, 192 A.D.3d 819, 821, 144 N.Y.S.3d 196, 198 (2d Dep't 2021) (quoting *U.S. Bank Tr.*, 181 A.D.3d at 747, 121 N.Y.S.3d at 278);  Here, while Plaintiff has stated it is dropping its claim seeking a deficiency judgment, Plaintiff has failed to provide proof that Defendant died intestate.  Additionally, to avoid adding the estate as a party to the action Plaintiff must establish that Defendant has made an absolute conveyance of all of her interest in the property to the three individual identified. *Wells Fargo Bank, NA v. Ramdin*, 62 Misc. 3d 392, 89 N.Y.S.3d 883 (N.Y. Sup. Ct. 2018).

"To the extent plaintiff's action is brought to foreclose on a note and mortgage executed by an individual now deceased it appears to this court that the proper manner to proceed with this action is to make a formal inquiry of . . . Surrogate Court, and if Surrogate's Court confirms that no will or estate has been filed, to make application for an administration proceeding and, if necessary, the appointment of the Public Administrator in the . . . Surrogate Court." *Wells Fargo Bank, N.A. v. Successor Tr. of Gwen Harleman*, 57 Misc. 3d 1219[A], 68 N.Y.S.3d 381, 2017 NY Slip Op 51561[U] (Sup. Ct. 2017).  Plaintiff here has taken the first step in the process and has conducted a search of the Nassau County, New York surrogate's court search to determine if a petition was filed by the decedent's son.  Pl. Mem. at 5.  Plaintiff, however, has failed to finish the process and make an application for the appointment of an administrator, therefore the substitution is not proper.

Accordingly, the undersigned respectfully recommends that the motion to substitute be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties.  Any objections to this Report and Recommendation must be filed with the Clerk

7

of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated:  Central Islip, New York
　　　　August 18, 2022

　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　United States Magistrate Judge