FILED
CLERK
12:12 pm, Sep 23, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE
RMAC TRUST, SERIES 2016-CTT,

**MEMORANDUM AND ORDER**

19-CV-2229 (GRB) (ARL)

Plaintiff,

-against-

MARLENE SAGER a/k/a MARLENE
CALDWELL,

Defendant.
------------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

Plaintiff U.S. Bank National Association, as Trustee for the RMAC Trust Series 2016-CTT, brings this foreclosure action against Marlene Sager a/k/a Marlene Caldwell. Before the Court is the Report and Recommendation ("R&R") of the Honorable Arlene R. Lindsay recommending denial of plaintiff's motion for default judgment, vacatur of the Clerk's entry of default, and denial of plaintiff's motion to substitute. DE 37. Plaintiff has objected to Judge Lindsay's R&R. DE 38. For the reasons that follow, Judge Lindsay's recommendation that default judgment be denied and the entry of default vacated is AFFIRMED. As to the motion to substitute, following *de novo* review, said motion is GRANTED.

## BACKGROUND

The background of this matter, set forth in detail in the R&R, is incorporated by reference and familiarity with which is assumed. For the sake of clarity, the Court will summarize additional facts related to the motion to substitute under Fed. R. Civ. P. 25(a).

Defendant Marlene Sager passed away on February 21, 2022 after the filing of the motion to

1

vacate the default. DEs 26, 34-7. On March 4, 2022 counsel for defendant filed a suggestion of death on the record pursuant to Rule 25. DE 32. On June 1, 2022, plaintiff filed a motion to substitute decedent's three surviving children – Brian R. Sager Jr., Alessandra Sager, and Christopher Sager – in place of the decedent pursuant to Fed. R. Civ. P. 25(a). DE 33.

To locate the appropriate parties for substitution, plaintiff retained an investigator, Jillian Samit, "to locate heirs at law and distributees of the decedent, Marlene Sager." DE 34-10. As documented in a sworn affidavit, Samit reviewed documents suggesting that Sager's last known address was the subject property, located at 92 Davis Street, Locust Valley, New York. *Id.* Samit checked postal, voter and motor vehicle records for forwarding orders or alternative addresses, locating only a P.O. Box in the same town. An obituary identified the decedent's three children: Brian Sager, Jr., Christopher Sager and Alessandra Sager. "Skip tracing" performed on the three children revealed that Brian and Alessandra reside at the Locust Valley home, while Christopher resides in Arlington, VA. A visit to the Locust Valley location led to an interview with Brian, who confirmed the addresses for all three, and that the property had been placed on the market for sale. Samit sent requests to all three children requesting identification of all heirs of the decedent; no response has been received. Samit found no records of proceedings in Nassau County Surrogate's Court for the decedent and nor has this Court or defense counsel. *See generally* DE 34-10; DE 39. Finally, plaintiff's counsel also conducted a LexisNexis search and online research in an effort to identify defendant's heirs. DE 35 at 5.

Importantly, plaintiff has relinquished its demands for a deficiency judgment. Hence, the remaining proceedings will be limited to the foreclosure of the subject residence and no additional liabilities may be imposed upon any substituted parties. DE 35 at 5.

Following plaintiff's objections to the R&R, defendant's counsel filed a motion to withdraw because his client passed away and her heirs have not retained him. DE 39.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely objections to a Magistrate Judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made. Fed. R. Civ. P. 72(b); *see LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *see also* 28 U.S.C. § 636(b)(1). Since the plaintiff has made specific and timely objections to Judge Lindsay's R&R, this Court has reviewed the R&R *de novo*.

## DISCUSSION

### I.   Motion for Default Judgment and to Vacate Entry of Default

For the reasons set forth in the R&R, prior to her death, defendant Sager demonstrated good cause for her default and raised a colorable defense in this matter. DE 37 at 3-4. As such, the motion for a default judgment is denied and the Clerk's entry of default is vacated.

### II.   Motion to Substitute

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* To substitute a party pursuant to Rule 25(a), "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." *Gusler v. City of Long Beach*, No. 10-CV-2077 (PKC)(AKT), 2015 WL 3796328, at *1 (E.D.N.Y. June 18, 2015). It is undisputed that

3

the motion was timely and the claims survive decedent's death. Hence, the only issue is whether the proposed substitutes for the decedent are proper parties under Rule 25. And, clearly, given the withdrawal of the demand for a deficiency judgment, the proper parties are those individuals with a demonstrated interest in the subject residence.

Notwithstanding plaintiff's efforts to ascertain the proper parties for substitution, the R&R provides the following:

> "To the extent plaintiff's action is brought to foreclose on a note and mortgage executed by an individual now deceased it appears to this court that the proper manner to proceed with this action is to make a formal inquiry of . . . Surrogate Court, and if Surrogate's Court confirms that no will or estate has been filed, to make application for an administration proceeding and, if necessary, the appointment of the Public Administrator in the . . . Surrogate Court." *Wells Fargo Bank, N.A. v. Successor Tr. of Gwen Harleman,* 57 Misc. 3d 1219[A], 68 N.Y.S.3d 381, 2017 NY Slip Op 51561[U] (Sup. Ct. 2017). Plaintiff here has taken the first step in the process and has conducted a search of the Nassau County, New York surrogate's court search to determine if a petition was filed by the decedent's son. Pl. Mem. at 5. Plaintiff, however, has failed to finish the process and make an application for the appointment of an administrator, therefore the substitution is not proper.

DE 37 at 6-7.

Plaintiff argues the R&R overlooked New York appellate decisions holding that a foreclosure action may be continued directly against the distributee in certain circumstances when the property is automatically vested in the heirs-at-law. DE 38 at 8-10. Plaintiff's objection misses the point. On the other hand, in reaching the recommended conclusions, the R&R erroneously asserts that the identity of the proper party is a question governed by state law, requiring adjudication by a state tribunal. This suggestion is frequently repeated in the case law, but is ultimately erroneous. *See, e.g.*, *Coleman v. Sys. Dialing LLC,* 2016 WL 1169518, at *2 (S.D.N.Y. Mar. 22, 2016) (holding, without citation, that whether a party "is the proper party to represent the estate . . . is a question of state law.").

Although a state court determination can be helpful in identifying a decedent's successor or

4

representative, no such designation is required before a federal court can determine the proper party for substitution. As Judge Seybert has held:

> Cases interpreting Rule 25(a)(1) have established that a person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is: "(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *In re Baycol Products Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010) (internal citations omitted). Since Mr. McCready died without a will and no formal estate was established for him, this case falls into the third category. [ ]
>
> Here . . . Mr. McCready died without a will and no formal intestate proceedings have been instituted to establish an estate. Moreover, it seems unlikely that a probate proceeding will be initiated in the future. Nevertheless, there is no dispute that Theresa and Brett McCready are Mr. McCready's only distributes . . . Thus, Theresa and Brett McCready are proper parties who may be substituted as Mr. McCready's legal representatives under Rule 25(a)(1).

*Tankleff v. Cnty. of Suffolk*, No. 09-CV-1207(JS)(AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016). *Accord Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (granting plaintiff's motion to substitute defendant with surviving wife where the defendant died intestate and surviving wife was the sole, or at least primary, distributee of decedent's estate even though she had not been appointed as administrator).

In the instant case, it is unclear whether the defendant had a will or died intestate. At the same time, plaintiff has reasonably established that her three surviving children are the apparent beneficiaries of her estate and have a demonstrable interest in the home. Indeed, two of the decedent's children are residing in the subject residence and apparently listed the property for sale. Under these circumstances, and based upon the evidence submitted by plaintiff, it is beyond peradventure that the decedent's children are the proper parties for substitution. Plaintiff's abandonment of any claim of a deficiency judgment greatly facilitates this determination. *Tankleff*, 2016 WL 3162059, at *2 (noting that determination to substitute deceased officer's wife as a party

5

was buttressed because "Plaintiff does not seek money damages from Theresa and Brett McCready personally, nor did Plaintiff expect to recover money damages directly from Mr. McCready. Because Mr. McCready was a Suffolk County Police Officer, Suffolk County was obligated to hold Mr. McCready harmless for any tortious acts he committed") (citation omitted).

"Rule 25(a) is a procedural rule setting forth the proper method for the substitution of parties, and federal courts must apply federal rules, rather than state law, in determining the proper procedure for substitution following a party's death." *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010). "[T]he Federal rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law." *Servidone Const. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir. 1998); *see, e.g.*, *Iovino v. Waterson*, 274 F.2d 41, 49 (2d Cir. 1959) (Rule 25 permits a foreign administrator to substitute for a decedent despite contrary state practice). This procedure is conceptually similar to the Court's power to appoint a guardian *ad litem*, which is plainly governed by federal law. *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 656 (2d Cir. 1999) (holding that "insofar as state law might be read to preclude the federal court from exercising its appointive power under Rule 17(c), it must give way").

As a result, a party substituted for a decedent under Rule 25 need not be formally appointed as the representative of the estate. *See Hardy*, 842 F. Supp. at 716. "To require the plaintiffs to petition the Surrogate's Court to appoint a representative, and thereafter renew their motion to substitute, is precisely the type of rigidity that contravenes the purposes of amended Rule 25(a)(1)." *Id.* at 716 n.3. "Where there is no appointed representative, and no practical need to seek one, the district court should . . . look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf." *In re Baycol Prod. Litig.*, 616 F.3d at 788. Likewise, "[t]he Second Circuit has endorsed a

6

flexible approach to interpreting Rule 25 . . . because there can be time delays between the date of a party's death and the probate court being in a position to appoint a representative under the law of the domicile of the deceased." *Cabisca v. City of Rochester*, No. 14-CV-6485, 2018 WL 6680595, at *1 (W.D.N.Y. Dec. 19, 2018). For example, in *Unicorn Tales, Inc. v. Banerjee* the Second Circuit rejected the argument that an estate must be probated and a representative selected before the statement of death is filed under Rule 25. 138 F.3d 467, 469 (2d Cir. 1998). Such a result would have been inconsistent with the purpose of Rule 25's 1963 amendment, namely, to avoid the "inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of the death." *Id.* (quoting Fed. R. Civ. P. 25 advisory committee notes, 1963 Amendment); s*ee also Kotler v. Jubert*, 986 F.3d 147, 153–56 (2d Cir.), *cert. denied*, 142 S. Ct. 598 (2021) (reaffirming *Banerjee*).

      Here, plaintiff conducted a diligent search to ascertain defendant's heirs and the lawful distributees. Plaintiff's agent reviewed public records, ran skip trace searches, located decedent's obituary, and interviewed decedent's heirs. Plaintiff's agent provided decedent's children with an opportunity to identify other heirs, but they have not replied. Neither the plaintiff, this Court, nor defendant's counsel has found any record of probate proceedings relating to defendant. *See* DE 34-10; DE 39. After this exhaustive search, it appears defendant died intestate and defendant's three surviving children Brian, Alessandra, and Christopher are the distributees of her estate. *See* N.Y. Est. Powers & Trusts Law § 4-1.1 (under New York law, the property of an intestate decedent with no spouse passes to the issue by representation). Indeed, two of the children are living in decedent's former home, and they have apparently listed the property for sale. *See* DE 34-10 at 2. Thus, as the only apparent heirs-at-law who have a demonstrated interest in the subject property, defendant's three surviving children – Brian R. Sager Jr., Alessandra Sager, and Christopher Sager – are the

7

"proper parties" to substitute decedent as decedent's successor. *See Tankleff*, 2016 WL 3162059, at *2; *Hardy*, 842 F. Supp. at 716. At this juncture, waiting for a probate proceeding that may never take place, requiring plaintiff to apply for the appointment of an administrator, or assuming the existence of a will disinheriting decedent's children who reside at the subject property would constitute an unnecessary waste of time and run counter to the purpose of Rule 25, which was to simplify and expedite the process of administering federal cases after the death of a party. For these reasons, the Court finds that defendant's three surviving children are the "proper parties" for substitution under Fed. R. Civ. P. 25(a). In the unlikely event that discovery uncovers a will or other distributees, either party may file a new motion for substitution.

## CONCLUSION

For the foregoing reasons, Judge Lindsay's recommendation that default judgment be denied and the entry of default vacated is AFFIRMED. Following *de novo* review, the Court grants the motion to substitute decedent's three children – Brian R. Sager Jr., Alessandra Sager, and Christopher Sager – in place of the decedent.

Defense counsel's motion to withdraw is granted. Counsel for plaintiff will serve copies of this order upon Brian R. Sager Jr., Alessandra Sager, and Christopher Sager, who are hereby deemed substitute parties and are directed to inform the Court in writing, within thirty days from the date of this Order as to whether:

1. They have retained counsel,
2. Wish to proceed *pro se*, or
3. Indicate that they do not, in fact, have any interest in the subject residence. If this is the case, however, each of the substitute defendants is directed to file a signed written statement with the Court attesting to the fact that they have no interest in the Locust

8

Valley residence, identify any person or entity within their knowledge who does have such interest, and provide any documents supporting this attestation, including but not limited to copies of any will or trust document executed by the decedent, Marlene Sager.

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge
